OPINION
PER CURIAM.
George William Blood and Srikanth Ra-ghunathan appeal from the District Court’s order denying their attempt to file a joint law suit. For the following reasons, we will summarily affirm in part and dismiss in part.
I. Background
Appellants are both inmates at the Federal Prison Camp at Lewisburg. In their joint complaint, Appellants assert that Lewisburg staff received and opened their legal mail without them present and did not give them the opportunity to view documents contained in their mail. According to the complaint, Lewisburg staff opened Raghunathan’s mail twice and Blood’s mail once. The complaint also lists two instances when Lewisburg staff “received and opened Plaintiffs’ legal mail, not in the presence of inmate and then delivered to inmate through the regular mail system.”[1] *606 Appellants alleged that the officials’ actions violated federal and prison regulations and requested a preliminary injunction preventing Lewisburg officials from receiving or possessing their legal materials.
The District Court Clerk issued an administrative order requiring each Appellant to file a separate complaint and to file his own in forma pauperis (IFP) motion and authorization form. In a letter to the District Court, Appellants explained that they would file only one IFP motion and authorization to withdraw the filing fee from Raghunathan’s account. The Magistrate Judge issued an order stating that if Appellants failed to file separate complaints and IFP motions within thirty days, the action would be dismissed. Appellants filed objections with the District Court to the Magistrate Judge’s order. The District Court, affirming and clarifying the Magistrate Judge’s order, found that the Appellants improperly attempted to join their causes of action and directed Raghunathan to file an amended individual complaint within fifteen days of the order asserting only claims specific to him. In the same order, the District Court indicated to Blood that he must file a separate amended complaint with claims pertaining only to him and that he must file his own IFP application and authorization form. The District Court, however, clarified that dismissal is not an appropriate sanction for misjoinder. Appellants filed a timely joint notice of appeal challenging the District Court’s order. After Raghunathan failed to file an amended complaint within fifteen days, the District Court dismissed the complaint. Raghunathan then filed a motion for extension of time to file an amended complaint and a stay of the proceedings pending this appeal. One week later, Ra-ghunathan filed an amended complaint containing only his claims. The District Court re-opened the case and granted Ra-ghunathan’s request for a stay. Blood did not file an individual complaint.
II. Jurisdiction
With few exceptions, our jurisdiction is limited to final orders of the District Court. See 28 U.S.C. § 1291. While an order dismissing a complaint without prejudice is normally not final within the meaning of § 1291, it “will be treated as a final order if the plaintiff has elected to stand upon the original complaint.” Frederica v. Home Depot, 507 F.3d 188, 192 (3d Cir.2007). Here, the District Court indicated that Raghunathan had to file an amended individual complaint within fifteen days and Blood also had to file his own separate complaint in order to proceed with his claims.[2] We recently faced the question of whether such an order is “final and appealable” in Hagan v. Rogers, 570 F.3d 146 (3d Cir.2009). In Hagan, we held that an order denying joinder and allowing leave to amend individually was final and appealable because there was nothing the plaintiff could do to cure the defect in the dismissed complaint. Id. at 152. Similarly, Blood can do nothing to cure the defect in the joint complaint inasmuch as filing an individual pleading would have “effectively conceded the joinder issue.” Id. Therefore, we will exercise jurisdiction over his appeal of the District Court’s order.
*607 We, however, do not have jurisdiction over Raghunathan’s appeal. Raghunathan, like the plaintiffs in Hagan, requested, and was granted, a stay of the District Court’s order pending the outcome of this appeal. Raghunathan, unlike the prisoners in Hagan, elected to file an amended individual complaint. Therefore, he has not stood on the original joint complaint and he may not appeal the District Court’s order at this time. Accordingly, we dismiss his appeal for a lack of jurisdiction.
III. Blood’s Joinder Claim
We review the District Court’s order denying joinder for an abuse of discretion. Id. Under that standard, a District Court “abuses its discretion when its decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.” Id. (internal quotation marks and citations omitted).
Pursuant to Fed.R.Civ.P. Rule 20, plaintiffs may file a joint action if: A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and B) any question of law or fact common to all plaintiffs will arise in the action. Fed.R.Civ.P. 20(a).
Here, Blood and Raghunathan’s claims center around prison officials’ withholding of legal documents. In their complaint, Raghunathan and Blood listed separate legal proceedings which they assert prison officials are disrupting through their postal interference.[3] As the District Court pointed out, Raghunathan and Blood must show actual injury in order to support a claim for denial of court access stemming from interference with legal mail. See Oliver v. Fauver, 118 F.3d 175, 178 (3d Cir.1997). Under these circumstances, joinder would be impractical as the interference arose from separate occurrences and proving an actual injury would necessarily require a separate factual inquiry into each plaintiffs respective civil and criminal proceedings. Thus, the District Court did not abuse its discretion in denying Blood’s request to file jointly.
In Blood’s filings in this Court, he asserts that various provisions of the Prison Litigation Reform Act (PLRA) are unconstitutional. Blood did not raise most of these claims in District Court, and he cannot raise them for the first time on appeal. See Harris v. City of Philadelphia, 35 F.3d 840, 845 (3d Cir.1994) (“This court has consistently held that it will not consider issues that are raised for the first time on appeal.”). Blood, however, did argue that 28 U.S.C. § 1915 is unconstitutional because it discriminates against indigent prisoners. This claim is meritless. See Nicholas v. Tucker, 114 F.3d 17, 20 (2d Cir.1997) (Section 1915’s filing fee requirements are rationally related to a legitimate government interest: deterring frivolous inmate lawsuits).[4]
Accordingly, because Blood’s appeal presents us with no substantial question, we will summarily affirm the District *608 Court’s order. See 3rd Cir. L.A.R. 27.4 and I.O.P. 10.6. We dismiss Raghuna-than’s appeal for lack of appellate jurisdiction.

. As the District Court noted, the wording of this clause uses both singular and plural *606 nouns and therefore it is unclear whether the events involved both Blood and Raghunathan.

. Thus while we agree with the District Court that dismissal is not an appropriate sanction for misjoinder, see Sabolsky v. Budzanoski, 457 F.2d 1245, 1249 (3d Cir.1972), as we explain further below, Blood’s non-compliance with the District Court’s order effectively dismissed his complaint.

. Blood asserts that he is a pro se litigant in cases in the United States District Court for the District of Delaware and the United States District Court for the Middle District of Tennessee. Raghunathan asserts that he is a pro se litigant in two criminal cases apparently unrelated to Blood’s cases.

. Blood also argues that he and Raghunathan should only be required to pay one filing fee. Even if the District Court had exercised its discretion to allow joinder, this argument would be foreclosed by our opinion in Hagan. Hagan, 570 F.3d at 155-56 (the PLRA requires each joined IFP litigant to pay a full individual filing fee).